### E. P. KING *v.* THOMAS WELCH'S ADM'R.

**Trustee—Removal Out of the State.**

   A trustee who receives conveyance of real estate by an ordinary deed, upon trust for a third person, does not vacate his office as trustee by removing from the state.

**Set-Off.**

   An account or other demand pleaded as a set-off must be stated so definitely that court may render judgment on the pleading.

#### APPEAL FROM LINCOLN CIRCUIT COURT.

June 14, 1877.

OPINION BY JUDGE COFER:

No authority is cited and none is known to this court which sustains counsel's first proposition, which is, in substance, that a trustee to whom property is conveyed by an ordinary deed, upon trust for a third person, vacates his office by removing from the state.

This court certainly knows judicially that there is no courthouse in the town of Crab Orchards. But we do not agree with counsel in their reading of the directions given in the judgment in regard to advertising the property ordered to be sold. The clerk has punctuated it so as to read as if it was written as follows: "At the courthouse door, and in the town of Crab Orchard," etc., and that is no doubt correct.

We are not aware of any statute or rule of the common law which makes the removal of an administrator from the state operate *ipso facto* to vacate his office. If a personal representative shall reside out of the state he shall for that cause be removed. Sec. 19, Art. 1, Chap. 39, Gen. Stat.; Art. 1, Chap. 37, Rev. Stat. But until removed he remains in office and his right to it cannot be collaterally questioned.

The answer did not contain a counterclaim or set-off. The item

of $300 mentioned is distinctly pleaded as payment, and cannot there-
fore have been a set-off.   The averment in regard to rent received
by the decedent is blank as to amount, and even if taken for con-
fessed establishes nothing more than that Welsh had received three
hundred dollars, and in addition thereto ———— dollars rent.   Three
hundred dollars make but $300.   It is true the answer goes on to
say, "being really more than the whole amount named in the mort-
gage, with interest on the same at the rate of ten per cent. per an-
num," but the whole averment, when taken together, means no more
than that Welsh received $300, and blank dollars which amounted to
more than the mortgage debt.   There was nothing in that averment
sufficiently definite to warrant the court in adjudging that the dece-
dent was indebted for rent a sum sufficient to satisfy the debt sued
for.   An account or other demand pleaded as a set-off must be so defi-
nitely stated that the court can render judgment on the pleading.
That could not have been done in this case, and the plea of set-off
could not for that reason be taken for confessed.

It is not important whether the appellant had the legal title or
not.   She had an unquestionable right to mortgage such interest as
she had, and will not be allowed to defeat the appellee's right by
setting up her own want of title.

No discrepancy between the boundary as stated in the amended
petition and in the judgment has been pointed out, and we do not
perceive any that necessarily renders them inconsistent with each
other.

Judgment *affirmed.*

*R. M. & W. O. Bradley, for appellant.*